THE STATE OF FLORIDA *ex rel.* WILLIAM H. ELLIS, AT-
TORNEY-GENERAL, *Plaintiff*, v. DARWIN B. GIVENS, *De-
fendant.*

MANDAMUS—COMPELLING DELIVERY OF PUBLIC OFFICE—AD INTERIM
APPOINTMENT OF CLERK BY JUDGE—SECTIONS 1393 AND 217, RE-
VISED STATUTES, CONSTRUED—CONSTRUCTION OF STATUTES.

1. The legal presumption is that the legislature did not intend to
keep really contradictory enactments in the statute-book, or to
effect so important a measure as the repeal of a law without
expressing an·intention to do so. An interpretation leading to
such a result should not be adopted unless it be inevitable. The
canon of construction in such cases is that if the courts can by
any fair, strict or liberal construction find for the two pro-
visions a reasonable field of operation, without destroying their
evident intent and meaning, preserving the force of both, and
construing them together in harmony with the whole course
of legislation upon the subject, it is their duty to do so.

2. The duties of the office of clerk of the Circuit Court are of
such a nature that public policy demands that there shall
always, without any intermission, be some one to discharge
them. The filling of a vacancy therein by the Governor in the
regular way may be, owing to many contingencies, attended
with serious delay. To avoid the results of such a delay, the
legislature enacted section 1393 of the Revised Statutes em-
powering the Circuit Judges to appoint a clerk *ad interim* to dis-
charge the duties of the office until, but only until, a regular ap-
pointee of the Governor to fill the vacancy, under the provisions
of section 217 of the Revised Statutes, could qualify. Such an
appointment by the Circuit Judge is only designed to meet
a temporary emergency; and after such emergency has been
provided by a regular appointment and commissioning of an
incumbent to fill the vacancy by the Governor under the pro-
visions of section 217, Rev. Stats., the interim appointment by
the Circuit Judge becomes *functus officio,* and the official
powers and authority of such *ad interim* appointee as clerk
at once cease and determine.

3. Where a regularly elected clerk of the Circuit Court dies be-
fore the expiration of his term of office, and a party is ap-
pointed by the Circuit Judge under the provisions of section
1393, Rev. Stats., to be clerk *ad interim,* and the Governor after-
wards appoints and commissions an incumbent to fill the vacancy
in the office under the provisions of section 217, Rev. Stats.,

upon the refusal of the judge's *ad interim* appointee to deliver the office with its books, records and files to the Governor's appointee, mandamus is the proper remedy to compel such delivery; and the eligibility to the office of the Governor's appointee can not be questioned in such mandamus proceeding.

This case was decided by the court *En Banc.*

This is a case of original jurisdiction.

### *Statement.*

This case was instituted in this court, being one over which it has original jurisdiction. The alternative writ is as follows:

"State of Florida:

To Darwin B. Givens. Whereas it has been suggested by the petition of William H. Ellis, Attorney-General, that: Your petitioner, William H. Ellis, Attorney-General of the State of Florida, respectfully shows unto your Honors that heretofore, to-wit: on the 7th day of May, A. D. 1904, William L. Hanks, of Hillsborough county, Florida, who was then the clerk of the Circuit Court of Hillsborough county, Florida, died in Hillsborough county, Florida, and by his death the office of the Clerk of the Circuit Court of Hillsborough county, Florida, became and was vacant; that thereafter, to-wit: on the 12th day of May, A. D. 1904, the Honorable Joseph B. Wall, Judge of the Circuit Court of the Sixth Judicial Circuit of the State of Florida, acting in and for Hillsborough county, appointed as Clerk of the Circuit Court for Hillsborough county, one Darwin B. Givens, which appointment is in the words following, to-wit:

'In the Circuit Court for the Sixth Judicial Circuit of State of Florida, and for Hillsborough county.

Whereas, by reason of the death on Saturday, May 7th, 1904, of W. L. Hanks, Esq., clerk of said court, a vacancy has arisen in said office.

Now, therefore, I, Joseph B. Wall, judge of said court, by virtue of authority vested in me by law, do hereby appoint Darwin B. Givens, Esq., to be clerk of the Circuit Court of said county of Hillsborough, *ad interim,* to be vested with all the powers and perform all the duties of said clerk upon taking the oath and giving the bond required by the statute in such cases made and provided. Given under my hand this 12th day of May, A. D. 1904.

JOSEPH B. WALL,
*Judge Circuit Court 6th Circuit of Florida.'*
And which appointment was made *'ad interim,'* and the said Darwin B. Givens gave bond as required by law, and entered upon the duties of the clerk of the Circuit Court of Hillsborough county, Florida.

Your petitioner further shows that subsequent to the 12th day of May, A. D. 1904, to-wit: on the 7th day of June, A. D. 1904, W. S. Jennings, the Governor of the State of Florida, appointed Daniel J. Galvin, of Hillsborough county, Florida, clerk of the Circuit Court of Hillsborough county, Florida, and that the said Daniel J. Galvin duly qualified according to law, and who was on the 24th day of June, A. D. 1904, duly commissioned by W. S. Jennings, the Governor of the State of Florida, as clerk of the Circuit Court in and for Hillsborough county, Florida, and the said commission was delivered to him, the said Daniel J. Galvin, under the seal of the State of Florida, duly attested by the Secretary of State, all of which will more fully appear by a certified copy of the commission hereto attached, and made a part of this petition.

Your petitioner further shows that upon the receipt of said commission by Daniel J. Galvin, that he, the said Daniel J. Galvin, on the 4th day of July, A. D. 1904, made demand upon said Darwin B. Givens for the possession of said office and the books, records, papers, seals, insignia and property of the clerk of the Circuit Court for Hillsborough county, Florida, all of which was necessary in order that he

might exercise the rights and perform the duties of said office, but that the said Darwin B. Givens refused to deliver to the said Daniel J. Galvin possession of said office or its books, papers, records, seals or other insignia of office, and still refuses to deliver the same to the said Daniel J. Galvin as aforesaid. That the said Darwin B. Givens is in possession of and holding the keys to the office rooms in the court house building in the county of Hillsborough, set apart for the use of the clerk of the Circuit Court of said county, and refused to deliver possession of the same to the said Daniel J. Galvin, clerk of the Circuit Court, although demand for the same has been made upon him the said Darwin B. Givens by said Daniel J. Galvin.

Your petitioner further shows that the action of the said Darwin B. Givens in witholding possession of the office of the clerk of the Circuit Court, and its books, records, seals, paraphernalia, and insignia of office as aforesaid, tends to embarrass the proper administration of the office of clerk of the Circuit Court in and for Hillsborough county; that said Darwin B. Givens still demands and receives, claiming to be clerk of the Circuit Court of Hillsborough county, the mail directed to the clerk of the Circuit Court, and assumes and claims to be clerk, notwithstanding the fact that by the appointment of said Daniel J. Galvin by the Governor of the State of Florida as hereinbefore set out, the appointment 'ad interim' heretofore set out and made by the Honorable Joseph B. Wall, Judge of the Circuit Court as stated, ceased and determined.

Your petitioner therefore prays that a writ of mandamus issue out of his Honorable court, commanding the defendant, Darwin B. Givens, forthwith to surrender to the said Daniel J. Galvin the possession of said office, and the rooms and offices in the court house building in Tampa, Hillsborough county, Florida, set apart and used as the office of the clerk of the Circuit Court for Hillsborough county, Florida, and the keys thereto, together with all of

the books, papers, records, seals, files and property of every kind and description belonging, or appertaining to said office, which are now in his possession. And as in duty bound your petitioner will ever pray, etc.'

Now, therefore, you, the said Darwin B. Givens, are hereby commanded forthwith to surrender to the said Daniel J. Galvin the possession of the said office of clerk of the Circuit Court of Hillsborough county, Florida, and the rooms or offices in the court house building in Tampa, Hillsborough county, Florida, set apart and used as the office of the clerk of the Circuit Court for Hillsborough county, Florida, and the keys thereto, together with all the books, papers, records, seals, files and property of every kind and description belonging or appertaining to said office, which are now in your possession; or that you appear before the Justices of our Supreme Court sitting within and for the State of Florida, at the court room in the city of Tallahassee, on Tuesday, the 12th day of July, A. D. 1904, at 10 o'clock a. m. of said day, and show cause why you refuse to do so, and have you then and there this writ." On the return day of this writ the respondent filed both a demurrer and an answer thereto, which pleadings are as follows:

"Now comes the respondent by W. A. Carter, John P. Wall and Solon B. Turman, his attorneys, and says that the alternative writ issued in the above entitled cause is bad in substance.

W. A. CARTER,

JOHN P. WALL,

SOLON B. TURMAN,

*Attorneys for respondents.*

Matters of law to be argued to the court:

First. That there are no allegations of fact in said alternative writ that a vacancy existed in the office of clerk of the Circuit Court in and for Hillsborough county on the 7th day of June, A. D. 1904, the date of the appointment by the Governor of Daniel J. Galvin.

Second.   That the allegations in said alternative writ show that the respondent is in possession of said office and the insignia thereof by color of law, and is a *de facto* and *de jure* officer, and that Daniel J. Galvin has a  specific and adequate remedy at law by *quo warranto* or an information in the nature of *quo warranto,* to try  the  title  of  said respondent to the office of clerk of said Circuit Court.

Third.   That the allegations of said writ show that the respondent is in possession of said office, and the books, records, files and insignia of said office under color of authority and that he is not a mere volunteer, or usurper of said office.

Fourth.   That the allegations in said alternative writ show that the office of clerk of the Circuit Court in and for Hillsborough county on the 7th day of June, A. D. 1904, was held by the respondent, and that the records, books, files and keys to the office and insignia thereof were held by said respondent under authority of law and that no vacancy existed in said office.

Fifth.   That the allegations in said alternative writ show that the respondent has the *prima facie* right to the possession of said office, and the records, books, files, and insignia of said office.

Sixth.  ' That the relief sought by the relator is an adjudication of the title of the respondent to said office.

Seventh.   The Governor has no authority under the constitution or the laws of the State of Florida to fill a vacancy in the office of the clerk·of the Circuit Court by appointment.

Eighth.   That the allegations in said alternative writ show that the commission of Daniel J. Galvin by the Governor was issued without authority of law, and when the said office and the records, books, files and insignia of office were held by the respondent under color of authority.

Ninth.   That the respondent is entitled to the possession of said office until his successor is elected and has duly qualified, or until a judgment of ouster has been rendered

in *quo warranto* proceedings adjudicating his right and title to said office.

Tenth.   That the allegations in said writ show that the relief sought by the relator is an adjudication of the title of the respondent to the said office and not for the possession of the records, books and files in said office.

Eleventh.   That the issuance of a commission by the Governor does not *ex vi termini* create a vacancy in said office.

Twelfth.   That the allegations in said writ show that a vacancy has arisen in said office of clerk of the Circuit Court in and for Hillsborough county, by the death of the incumbent on the 7th day of May, A. D. 1904, and that on the 12th day of May, A. D. 1904, the Honorable Joseph B. Wall, judge of said circuit, under and by virtue of law appointed respondent clerk of said court, that respondent qualified as clerk of said court, and has since said appointment performed the functions of said office.

Thirteenth.   That the term of office of this respondent to the said office expires by limitation of law when his successor is duly elected at the next ensuing election and qualifies thereunder."

"Now comes the respondent and for answer to the alternative writ issued in the above entitled cause says:

First.   That at the time the Circuit Court in and for Hillsborough county convened for its spring term the Honorable W. L. Hanks was dead, the Honorable Joseph B. Wall, judge of said court, duly appointed this respondent clerk of said court; that the term of said court was convened on the 16th day of May, A. D. 1904, and has been in session up to this date, and still is in session.

Second.   This respondent further answering says, that immediately upon his appointment to said office he duly qualified by taking the oath of office and giving and filing a bond conditioned as required by law, which bond was duly approved by the board of county commissioners of Hillsbor-

ough county, and the Comptroller of the State of Florida, and duly filed with the Secretary of State of the State of Florida.

Third. This respondent further answering says, that there is no person under the constitution and laws of the State of Florida entitled to said office save and except himself; that the said Daniel J. Galvin at the time of the alleged appointment mentioned in the alternative writ in this cause by the said W. S. Jennings, Governor of the State of Florida, was holding and exercising the functions of an office under the government of the United States of America, to-wit: the office of postmaster at Brandon in the county of Hillsborough, and State of Florida, and ever since the said date of the alleged appointment and up to this date, the said Daniel J. Galvin is holding and exercising the functions of such officer under the Federal Government; and that under and by virtue of section fifteen (15), Article sixteen (16) of the constitution of the State of Florida, the said Daniel J. Galvin can not hold and exercise the functions of the clerk of the Circuit Court in and for Hillsborough county, Florida."

The relator moved to quash this answer and for a peremptory writ.

*F. M. Simonton, T. E. Lucas* and *Gunby & Gibbons* for plaintiff.

*W. A. Carter, John P. Wall* and *Solon B. Turman* for defendant.

TAYLOR, C. J. (*after stating the facts*).—Upon the death of the regularly elected incumbent of the office of clerk of the Circuit Court for Hillsborough county, prior to the expiration of his term of office, the judge of the Circuit Court for said county, under the provisions of section 1393 of the Revised Statutes, appointed the respondent

Darwin B. Givens to be clerk *ad interim.* Said section 1393 is as follows: "1393. Clerk *ad interim.* In the case of a vacancy occurring in the office of a clerk of the Circuit Court by death, resignation, or other cause, it shall be the duty of the judge of that court to appoint a clerk *ad interim,* who shall assume all the responsibilities, perform all the duties, and receive the same compensation for the time being as if he had been duly appointed to fill the office; and he shall give such bond and security for the faithful performance of his duties as is prescribed by section 1381 to 1383."

Daniel J. Galvin, to whose possession the writ herein seeks to have delivered the records, books, files and office rooms belonging to the said clerk's office, was appointed and commissioned on June 24th, 1904, by the Governor to fill the vacancy in said office, until the qualifications of a successor to be chosen at the ensuing general election, under the provisions of section 217 of the Revised Statutes, that is as follows: "Filling vacancies. In all such cases, and all other cases in which a vacancy may occur, if the office be a State, district or county office (other than a member or officer of the legislature), it shall be the duty of the Governor to fill such office by an appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law, and in cases requiring the confirmation or the advice and consent of the Senate, the person so appointed may hold until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed or consented to by the Senate."

It is contended for the respondent that his appointment by the Circuit Judge under the provisions of said section 1393 of the Revised Statutes, entitles him to the office of clerk until a successor to his deceased predecessor is duly elected and qualified. That the period embraced within the expression, *"ad interim,"* in the section of the statute under which he was appointed covers the entire time between the

date of his appointment by the Circuit Judge and the date of the qualification of a successor to be elected at a regular election. This contention is untenable. The two quoted sections, both dealing with the subject of filling vacancies in office, were embraced in the Revised Statutes and became parts of such revision of the laws at the same time. By the the one section the Governor is clothed with authority to fill the vacancy, by the other section the Circuit Judge is authorized to fill it *ad interim.* Were the interpretation of the provision relating to appointments by the Circuit Judge contended for by respondent adopted, there would be an irreconcilable conflict and repugnancy between the two quoted sections of the law. Both could not stand together, and the one would be held to have repealed the other by implication, in so far, at least, as the clerk of the court is concerned. The legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. But the canon of construction in such cases is that if the courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation upon the subject it is their duty to do so. Endlich on Interpretation of Statutes, sec. 210, and citations.

The duties of the office of clerk of the Circuit Court are of such a nature that public policy demands that there shall always, without any intermission, be some one to discharge them. The filling of a vacancy therein by the Governor in the regular way may be, owing to many contingencies, attended with serious delay. To avoid the disastrous results that might often attend such delay, the legislature enacted the quoted section 1393, empowering the Circuit

Judge to appoint a clerk *ad interim* to discharge the duties of the office until, and only until, an appointee of the Governor could qualify. That such is the proper construction of this section is apparent from the language used. The judge is thereby authorized to appoint a person to be clerk only *ad interim* and such person is thereby authorized to perform the duties of clerk and to receive its compensation only *"for the time being,"* and the language, "as if he had been *duly appointed to fill the office,"* shows that such appointments were not to be regarded as a filling of the office in the regular, permanent and orderly way, but only an appointment to meet a temporary emergency, and after such emergency had been provided for by a regular appointment and commissioning of an incumbent by the Governor under the provisions of the quoted section 217, the *interim* appointment by the Circuit Judge becomes *functus officio* and the official powers and authority of such appointee as clerk at once cease and determine. See *King v. State,* 43 Fla. 211, 31 South. Rep. 254. This construction, without doing violence to any language used in either of the quoted sections, keeps them both in perfect harmony, and gives to both a field for non-conflicting operation. That mandamus is the proper remedy in such a case to compel the delivery of the books, files, records and office rooms of such an office to one duly commissioned to the office by the Governor, and that the eligibility of such person can not be set up in such a proceeding as a defense is fully discussed and settled in the case of *State ex rel. Attorney-General v. Johnson,* 35 Fla. 2, 16 South. Rep. 786.

It follows from what has been said that the demurrer of the respondent to the alternative writ must be overruled, and that the motion of the relator to quash the answer of the respondent and for a peremptory writ of mandamus should be granted, and it is so ordered at the cost of the respondent.

HOCKER, COCKRELL, SHACKLEFORD, WHITFIELD and CARTER, JJ., concur.