THE STATE OF FLORIDA, *ex rel.* HELEN M. CARTER, *Relator,* v. W. N. SHEATS, STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, *Respondent.*

Opinion Filed January 31, 1917.

On Application for Rehearing April 3, 1917.

1. Section 370 of the General Statutes of 1906, Chapter 6164, Acts of 1911, and Chapter 6540, Acts of 1913, relate to the same general subject of issuing teachers' certificates of qualification and should be construed together and each given its appropriate effect.

2. The teachers' State certificates authorized by Section 370 of the General Statutes of 1906, and also those authorized by Chapter 6540 may be a basis for "a life certificate" under Section 371 of the General Statutes of 1906, as amended by Chapter 6164, though the life certificates issued may vary in form and verbiage to indicate the means by which they were obtained under the one or the other of the two statutes.

Case of original jurisdiction in Supreme Court.

Motion to quash denied.

*Watson & Pasco* and *Blount & Blount & Carter,* for Relator;

*T. F. West,* Attorney General, for Respondent.

WHITFIELD, J.—The following alternative writ of mandamus was issued by this court:

## "IN THE SUPREME COURT OF THE STATE OF FLORIDA.

"In the Name and by authority of the State of Florida.

"The State of Florida to W. N. Sheats as State Superintendent of Public Instruction of the State of Florida: Greeting:

"WHEREAS, by a verified petition filed in our Supreme Court by Helen M. Carter, it has been made to appear:

"1. That petitioner, Helen M. Carter, is a native and citizen of the State of Florida, and W. N. Sheats, the respondent, is the duly qualified State Superintendent of Public Instruction for said State.

"2. That petitioner is a graduate in the year 1914 of the Collegiate Department of the Florida State College

for Women at Tallahassee, Florida, which institution, prior to and at the time of her graduation, and during her College course, had submitted to such regulation and inspection as the State Board of Education and the State Board of Control had prescribed in accordance with Chapter 6540 Laws of Florida, approved June 8th, 1913.

"3. That subsequent to her graduation as aforesaid petitioner made application to respondent, who was then State Superintendent of Public Instruction for the State of Florida, for a State Certificate in accordance with said Chapter 6540 Laws of Florida, made it appear to him that she had taken advantage of the provisions of Section One of that Act, and he granted said application.

"4. That in pursuance of his action granting said application, respondent as State Superintendent as aforesaid issued to petitioner a State Certificate, dated October 6th, 1914, substantially as follows, viz:

"'No. 12.                                      For 5 Years
         "'GRADUATE STATE CERTIFICATE
               "'STATE OF FLORIDA.

     "'Office of Superintendent of Public Instruction

     "'WHEREAS, Miss Helen Carter having presented satisfactory evidence that she has regularly graduated from the Collegiate Department of the Florida State College for Women, has devoted one-fifth of the time of her Course to professional training for teaching, and has made in the regular examinations at the close of the Junior and Senior years the grades required by statute.

     "'WHEREFORE, I, by authority vested in me by Section 2 of Chapter 6540, Laws of Florida, do hereby grant to her this Graduate State Certificate, which authorizes her to teach in any of the schools of Florida for *five years* from date hereof.

" 'Witness my hand and the seal of the State Board of Education, this the 6th day of October, 1914.

" '(Seal of State Board ⎱    Wm. N. Sheats,
   (of Education.      ⎰    *Superintendent of Public Instruction.*

" 'Grades made in Final Examinations of the Junior and Senior Years as Reported by Dr. Edw. Conradi, President of the Institution:

ENGLISH.—

   1. The Bible _____ %
   2. Expression _____ %
   3. Rhetoric _____ %
   4. Literature _____ %
   5. _____ %

LANGUAGES.—

   1. French _____ %
   2. German _____ %
   3. Greek _____ %
   4. Italian _____ %
   5. Latin _____ %
   6. Spanish _____ %
   7. _____ %

HISTORY.—

   1. United States _____ %
   2. English _____ %
   3. General _____ %
   4. Science of _____94%

PRIMARY.—

   1. Drawing _____ %
   2. Kindergarten _____ %

3. Methods _____ %
4. Nature Study _____ %
5. Vocal Music _____ %
6. _____ %

ART.—

1. Drawing _____ %
2. Painting _____ %
3. History of _____95%

MUSIC.—

1. Harmony _____ %
2. History of _____ %
3. Piano _____ %
4. Violin _____ %
5. Sight Singing _____ %
6. Voice _____ %

MATHEMATICS.—

1. Geometry _____%
2. Analyt. Geom. _____ %
3. Trigonometry _____ %
4. Surveying _____ %
5. Engineering _____ %
6. Calculus _____ %
7. Astronomy _____ %
8. _____ %

SCIENCES.—

1. Bacteriology _____ %
2. Biology _____ %
3. Botany _____ %
4. Chemistry _____ %
5. Geology _____ %
6. Physics _____ %

State ex rel. v. Sheats—Opinion of Court

7. Political _____ %
8. Zoology _____ %
9. _____ %

PHILOSOPHY.—

1. Ethics _____ 78%
2. History of _____ %
3. Logic _____78%
4. Metaphysics _____ %
5. Psychology _____80%
6. Sociology _____92%
7. _____ %

EDUCATION.—

1. Methods, etc. _____87%
2. History of _____90%
3. Philos. of _____85%

INDUSTRIAL.—

1. Agriculture _____ %
2. Horticulture _____ %
3. Dom. Science _____80%
4. Dom. Art _____95%
5. Mechanic Arts _____ %
6. Phys. Training _____ %
7. Meth. in H. E. _____93%

Standing on Subjects pursued in previous Courses.

1. Agriculture _____ %
2. Algebra _____ %
3. Arithmetic _____ %
4. Civics _____ %
5. Composition _____ %
6. Eng. Grammar _____ %

| | | |
|---|---|---|
| 7. Latin (Beginners) | | % |
| 8. Orthography | | % |
| 9. Pol. Geography | | % |
| 10. Phys. Geography | | % |
| 11. Fla. History | | % |
| 12. U. S. History | | % |
| 13. Reading | | % |
| 14. Physiology | | % |
| 15. Sciences (Ele.) | | % |
| 16. Rhetoric | | % |
| 17. Pedagogy | | % |
| 18. College Eng. | | 85% |
| 19. German | | 85% |
| 20. Zoology | | % |
| 21. | | % |
| 22. | | % |
| General Average | | 87¼% |

"5. That petitioner, subsequent to receiving said State Certificate, successfully did high school teaching in the State of Florida for a period of eighteen months and more under her said State Certificate, and thereafter on January 1st, A. D. 1917, made application to respondent as State Superintendent as aforesaid to issue her, without examination, a life certificate as provided by Section 371, General Statutes of Florida, as amended by Chapter 6164 Laws of Florida, approved June 5th, 1911, and presented therewith satisfactory endorsement showing her eminent ability in teaching and school government from more than three persons residents of the State of Florida who then held life certificates granted by the State Superintendent of Public Instruction of said State.

"6. That said respondent then and there upon consideration of said application so made to him was satis-

fied and so stated that petitioner had successfully done high school teaching in this State for more than eighteen months under her said State Certificate. He further found that the endorsements só presented by her were satisfactory to him, and so stated. He further found that said endorsements were from three persons residents of the State of Florida then holding life certificates granted by the State Superintendent of Public Instruction of said State, and showed eminent ability in teaching and school government, and so stated. ' He further stated that his only reason for refusing to issue the life certificate applied for was because petitioner did not hold a State certificate granted under the provisions of Section 370 General Statutes of Florida, and that if her State Certificate had been issued to· her under the provisions of said Section 370, he would, upon the· application then presented, issue to her a life certificate. He further stated that in his opinion the State Certificate held by petitioner, which had been issued under the provisions of Chapter 6540, Act approved June 8th, 1913, was not such a State Certificate as was contemplated by Section 371 General Statutes of Florida as the basis for a life certificate, and, therefore, for this reason and none other, declined to grant petitioner's application for a life certificate.

"7. That petitioner has fully complied with all the laws of Florida providing for the issuance to her of a life certificate, and is qualified to receive same, but respondent refuses to issue such certificate upon the sole ground that graduates holding State Certificates issued under Chapter 6540, Act approved June 8th, 1913, are not entitled to the benefit of ·Section 371, General Statutes of Florida, providing for life certificates, and petitioner is remediless in the premises unless the State's writ of mandamus be granted to compel respondent to issue to

her a life certificate as provided by the laws of Florida.

"Now, THEREFORE, we, being willing that full and speedy justice be done in the premises, do command you, W. N. Sheats, as State Superintendent of Public Instruction of the State of Florida, forthwith to issue and deliver to the petitioner, Helen M. Carter, a life certificate good in any part of the State and of perpetual validity as provided by Section 371, General Statutes of the State of Florida; or that you appear before the Justices of our Supreme Court sitting within and for the State of Florida, at the Court Room in the City of Tallahassee, on the 16th day of January, A. D. 1917, at ten o'clock A. M. of that day, and show cause why you refuse to do so, and have you then and there this writ.

"WITNESS, the Honorable Jefferson B. Browne, Chief Justice of the Supreme Court of the State of Florida, and the Seal of said Supreme Court at Tallahassee, the Capital, this January 8th, A. D. 1917.

"(Seal)                          G. T. WHITFIELD,
        "Clerk Supreme Court, State of Florida."

The respondent moved to quash the alternative writ on the following grounds:

"1. Because no sufficient facts are stated in said alternative writ to warrant the respondent in issuing to the relator the life certificate authorized by Section 371 of the General Statutes of Florida as amended by Chapter 6164, Acts of 1911, Laws of Florida, in certain cases as therein defined.

"2. Because it does not appear that the State certificate alleged to be held by the relator is such a State certificate as is defined by the provisions of Section 371 of the General Statutes of Florida as amended by Chapter 6164, Acts of 1911, Laws of Florida, which must be held as a condition precedent to the right by the holder to

demand the issuance to him or her by the respondent of a life certificate as authorized by said statute.

"3. Because it appears from the averments of said alternative writ that the State certificate held by the relator was granted to her under authority of the provisions of Chapter 6540, Acts of 1913, Laws of Florida, and the respondent says that he is not legally authorized or empowered to issue life certificates such as were contemplated by Section 371 of the General Statutes of Florida as amended by Chapter .6164, Acts of 1911, Laws of Florida, to the holders of such State certificates.

"4. Because it affirmatively appears that the averments of said alternative writ that the relator is not entitled to the relief sought or to any relief."

The statutes to be construed and applied in determining the questions presented, are as follows:

"A State certificate may be issued by the State Superintendent to any eligible applicant who shall have taught twenty-four months in all, eight months under a first grade certificate obtained in this State, and shall have passed an examination conducted by the State Superintendent of Public Instruction on geometry, trigonometry, physics, botany, zoology, Latin, rhetoric, English literature, psychology, and general history, and shall have made an average grade of eighty-five per cent. with a grade in no branch below sixty per cent.

"A State certificate shall be valid for five years from the date of issue and shall be valid throughout the State." Sec. 370, Gen. Stats. of 1906, Compiled Laws of 1914.

"A life certificate, good in any part of the State and of perpetual validity, may be issued by the State Superintendent of Public Instruction, without examination, to any teacher holding a State certificate issued since January 1, 1894, and who has successfully done high school

or college teaching in this State for a period of eighteen months under a State certificate, and who shall present satisfactory endorsement showing eminent ability in teaching and school government from three persons holding life certificates." Sec. 371, Gen. Stats. of 1906, as amended by Chapter 6164 Acts of 1911. Sec. 371 Compiled Laws 1914.

"Chapter 6540—(No. 120).

"AN ACT to Enable Normal School and College Graduates to Teach and Acquire Certificates in This State.

"*Be it Enacted by the Legislature of the State of Florida*:

"Section 1.    That all graduates of the normal or college department of the University of Florida and College for Women, and any other colleges and universities in this State that will submit to such inspection and regulation as the State Board of Education and the State Board of Control may prescribe are hereby granted a State certificate; Provided, That one-fifth of the time of the collegiate departments be devoted to professional training and: Provided, further, That at a regular examination conducted at the close of the Junior and Senior years, of all such graduates, as come under the provisions of this Act, the said graduates shall make a general average of not less than Eighty-five per cent., on all subjects, with a grade of not less than Sixty per cent. on any subject.

"Sec. 2.    Any person making it appear to the State Superintendent that he or she has taken advantage of the provisions of Section One of this Act shall be granted a State Certificate.

"Sec. 3. All laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 4. This Act shall take effect on its passage and approval.

"Approved June 8, 1913."

The respondent contends that Section 371 of the General Statutes of 1906, as amended by Chapter 6164 does not authorize the respondent to issue life certificates to holders of State certificates acquired and held under the provisions of Chapter 6540.

It is argued that at the time Section 370 and 371 as the latter is amended were enacted there was no such State certificate as that now authorized by Chapter 6540, therefore such certificate could not have been intended as the basis for a life certificate under Section 371.

It is further urged that the State certificate referred to in Section 371 as amended has a well understood and definite meaning; that the methods and tests by which it is secured are perscribed, and consequently the State certificate provided for by Section 370 is the State Certificate required as a basis for a life certificate under Section 371.

The respondent further says:

"It is true that the certificate which is issued under authority of Chapter 6540 is called a State certificate, but calling it a State certificate cannot change its character, and it is apparent that it is not a *State certificate* as that term was defined and known when Section 371 of the General Statutes was enacted or amended. That there are under the law now two classes of State certificates is perfectly apparent. That there is a wide difference between the two classes; that they are secured by different methods and different tests; and that they are of widely different value, in fact, are also apparent."

Section 370 and Chapter 6540 each expressly and definitely provide for the issuance of "a State certificate" though the requirements for obtaining the certificates widely differ under the two Acts. Section 371 was manifestly intended to operate prospectively upon State certificates "issued since January 1st, A. D. 1894." These statutes, relating as they do to the same general subject, should be construed together and each given its appropriate effect. There is obviously a field of operation for both Section 370 and Chapter 6540 in the school system of the State; and "a State certificate" authorized by each statute may be a basis for "a life certificate" under Section 371 as amended, though the life certificates issued may vary in form and verbiage to indicate the means by which they were obtained under the one or the other of the two statutes. The statute does not prescribe the forms of the certificates authorized to be issued.

A person may become entitled to "a State certificate" upon compliance with Section 370 of the General Statutes of 1906; and such person may thereafter become entitled to "a life certificate" upon compliance with Section 371 of the General Statutes of 1906, as amended by Chapter 6164, Acts of 1911. Likewise a person may become entitled to "a State certificate" upon compliance with Chapter 6540; and such person may thereafter become entitled to "a life certificate" upon compliance with Section 371 of the General Statutes of 1906, as amended by Chapter 6164.

The form of each class of such certificates may be prescribed or approved by the State Educational Authorities so as to make each certificate show upon its face under which statute it was issued and what are the studies and conditions upon which the person became entitled to the certificate.

Thus construed and applied there is no conflict in the statutes.  The motion to quash the alternative writ is denied.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and EL-LIS, JJ., concur.

## On Application for Rehearing

PER CURIAM.—Notwithstanding the statements in the respondent's petition for a rehearing, the court has not required the respondent to issue a Life State Certificate to the relator, certifying that she is qualifed to teach any stated subject, but only that he issue to the relator "a life cerificate good in any part of the State and of perpetual validity" as is expressly required by Section 371, General Statutes of the State of Florida, as amended by Chapter 6164.

Section 371 as amended provides that "a life certificate good in any part of the State and of perpetual validity may be issued by the State Superintendent of Public Instruction, without examination, to any teacher holding a State certificate issued since January 1st, A. D. 1894, and who has successfully" complied with stated conditions.  It is admitted by the pleadings that the relator is a "teacher holding a State certificate issued since January 1st, A. D. 1894," and that she has complied with Chapter 6540 under which she was "granted a State certificate," and that she has complied with the stated conditions and requirements of Section 371, as amended, in that she "had successfully done high school teaching in this State for a period of eighteen months under a State certificate, and presented satisfactory endorsement showing eminent ability in teaching and school government from three

persons holding life certificates." On this showing admitted to be true by the demurrer of the respondent, the statute requires that "a life certificate good in any part of the State and of perpetual validity may be issued by the State Superintendent without examination." The writ issued by the court merely requires the respondent to do what the statute expressly makes it his duty to do. The wisdom and policy of the statute cannot be reviewed by the court.

The opinion on the motion to quash the alternative writ expressly states that as section 370 of the General Statutes of the State provides that "a State certificate may be issued" upon compliance with its terms, and as Chapter 6540 enacts that "a State Certificate" is "granted" upon compliance with that Chapter, "the form of each class of life certificates may be prescribed or approved by the State Educational Authorities so as to make each certificate show upon its face under which statute it was issued and what are the studies and conditions upon which the person became entitled to the certificate." At that time the form of the life certificate in use was not before the court. The State Certificate held by the relator as shown in the first opinion gave the studies she had pursued in obtaining the certificate. In the respondent's answer he set out the form of a certificate presented as a compliance with the writ. This form is patently not authorized by law. It is entitled "Life Graduate State Certificate" and not "A Life Certificate" as authorized by section 371. It limits the holder to a right to teach only such subjects as are specified therein. The statute authorizes a certificate giving authority to teach, not a statement of what the person may teach. Besides this, the pleadings now show that the form of life certificates heretofore and now used under section 371 as amended,

is as applicable to cases where "a State certificate" was *issued* under section 370 General Statutes as to cases where "a life certificate" is *"granted"* under Chapter 6540. The statutes do not contemplate any unjust discriminations between persons who hold "a life certificate" whether held under section 370 or Chapter 6540; and as it did not appear that the State School Authorities had provided different forms to properly indicate the means by which each class of life certificates is obtained, the respondent was by a peremptory writ required to do what the statute makes it his duty to do, to-wit, to issue to the relator "a life certificate good in any part of the State and of perpetual validity" as is expressly required by section 371 General Statutes as amended.

Rehearing denied.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.