CITY OF MIAMI v. J. M. LEE, Comptroller.

151 So. 280.

Division B.

Opinion Filed November 24, 1933.

J. W. *Watson, Jr.,* for Appellant;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Appellee.

BUFORD, J.—The sole question involved in this case is whether or not Section 9 of Chapter 13756, Acts of 1929, was repealed either directly or by implication by Chapter 15659, Acts of 1931, and Chapter 15788, Acts of 1931.

The court below entered its order dismissing the bill of complainant, which was a bill brought to enjoin the collection of the gasoline tax by the Comptroller under the provisions of Chapter 13756, Acts of 1929, based upon the gallonage tax on gasoline as fixed by Chapter 15659, Acts of 1931, and Chapters 15788, Acts of 1931.

We find no provision contained in either of the latter Acts repealing the provision of the former. Neither do we think that the provisions of Section 9, of Chapter 13756, Acts of 1929, which was as follows: "In the event the tax upon dealers in gasoline and other like products of petroleum, as now provided by law, shall be reduced or increased by any other law or laws, the amount of the tax provided for by this Act shall be correspondingly and to the same extent reduced or increased," can be said to have been repealed by implication by either of the latter Acts.

The provision of Section 9, *supra,* was intended to be, and was, an ambulatory provision of the statute which had the effect of automatically applying the tax fixed by the Legislature upon the sale of gasoline in this State to the gasoline which should come within the purview of Chapter 13756.

The question of whether or not a legislative Act may bind future legislative Acts is not involved in this case. Here the ambulatory provision contained in Section 9, *supra,* has the effect, so long as it stands unrepealed or unamended, of applying the same gasoline tax which may be placed on

dealers in gasoline to the gasoline which comes within the purview of the Act in which this section is contained and leaves it entirely within the provision of future Legislatures to determine whether or not the provisions of this section should continue to be the law or shall be changed so as to make some other tax apply to such gasoline.

In Curry, et al., v. Lehman, 55 Fla. 847, 47 Sou. 18, this Court said:

"In construing the provisions of Section 1603 of the General Statutes of 1906, the provisions of Sections 1600 and 1601 must be considered, as these three sections are *in pari materia*—they relate to the same subject and must be considered together as though they had originally constituted one enactment. The intention of the Legislature in enacting a law is the law itself and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. The court will not follow the letter of the statute when it leads away from the true intent and purposes of the Legislature and to conclusions inconsistent with the general purpose of the Act.

"Undoubtedly the general rule of statutory construction is that the intent of the lawmakers is to be found in the language that has been used, and the courts have no function of legislation, but simply seek to ascertain the will of the Legislature. If, however, from a view of the whole law, or from other laws *in pari materia*, the evident intention is different from its literal import of the terms employed to express it in a particular part of the law, that intention should prevail, for that, in fact, is the will of the Legislature."

But, in this case, we are not required to look beyond the strict letter of the statute to find its meaning and to determine the legislative intent, it being clearly apparent that

it was the intent of the Legislature to provide by Section 9, *supra*, that whatever tax the Legislature might thereafter place upon gasoline sold by dealers in this State as an excise tax should likewise be placed on and apply to gasoline held in storage coming within the purview of that Act.

In City of St. Petersburg, *et al.*, v. Pinellas County Power Co., 87 Fla. 315, 100 Sou. 509, we said:

"It is admitted, of course, that Chapter 4600 is a part of the general law of the State. Whether the application of the provisions of this statute to the City of St. Petersburg was superseded by the special charter Act, as contended by appellants, is the question to be determined. It is familiar law that repeals by implication are disfavored and in order to declare that one statute repeals another by implication, it must appear that there is positive repugnancy between the two, or that the latter was clearly intended to prescribe the only rule which should govern the case to which it is applicable, or that it revises the subject matter of the former. Sanders v. Howell, 73 Fla. 563, 74 South. Rep. 802; State v. County of Gadsden ,63 Fla. 620, 58 South. Rep. 232; F. E. C. Ry. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272, 99 Am. St. Rep. 114; and 'the legal presumption is that the Legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such result should not be adopted unless it be inevitable. The rule of construction in such cases is that if the courts can be fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so." State v. Johnson, 71

Fla. 363, 72 South. Rep. 477; Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18."

See also: Bryan's Heirs v. Dennis, 4 Fla. 445; State v. Givens, 48 Fla. 165, 37 South. 308; Sparkman v. State, 71 Fla. 210, 71 South. 34; Stewart v. DeLand-Lake Helen Special Road and Bridge District in Volusia County, 71 Fla. 158, 71 South. 42; State v. Sheats, 73 Fla. 176, 74 South. 638; State v. Burr, 79 Fla. 290, 84 South. 61; State v. Beardsley, 84 Fla. 109, 94 South. 660."

For the reasons stated the decree should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.