PAUL WILSON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CONSTRUCTION OF STATUTES—REPEAL BY IMPLICATION. —CRIMINAL LAW—RAPE—CARNAL INTERCOURSE WITH UNMARRIED FEMALE UNDER EIGHTEEN YEARS.

1. The legal presumption is that the Legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so. An interpretation leading to such a result should not be adopted unless it be inevitable.

2. While it is necessary under Section 2396, Revised Statutes, to allege and prove a different state of facts in order to justify a conviction where the female involved is over the age of ten years than where such female is under that age, yet, in either case, the crime denounced is rape.

3. Section 2598 Revised Statutes as amended by Chapter 4965, Act of 1901, denounces and punishes the crime of sexual intercourse with an unmarried female under eighteen years, under circumstances that do not make the act rape, and the female involved here means the unmarried female between ten years and eighteen years.

4. Section 2396 Revised Statutes is not repealed by Section 2598 Revised Statutes as amended by Chapter 4965, Act of 1901.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Craig Phillips,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, and *H. S. Phillips,* State Attorney Sixth Judicial Circuit, for the State.

PARKHILL, J. In this case, the plaintiff in error, Paul Wilson, (hereinafter called the defendant) was indicted for rape by the grand jury of Hillsborough county at the Fall term, 1905, of the Circuit Court. The charging part of the indictment is as follows: "In and upon one Pocahuntas Whitfield, a female child under the age of ten years, and assault did make, and her the said Pocahuntas Whitfield then and there did unlawfully and carnally know and abuse, contrary to the statutes," &c. The defendant demurred to the indictment on the following grounds:

1. Said indictment charges no crime against the laws of the State of Florida.

2. Because Section 2396 of the Revised Statutes of Florida was repealed and made void and inoperative by Section 2598 of the Revised Statutes of Florida, as amended by Chapter 4965 of the laws of Florida, approved May 31st, 1901. This demurrer was overruled by the court, to which ruling the defendant excepted.

The defendant plead not guilty, was tried and convicted by a jury. A motion for a new trial was overruled, and

the defendant was sentenced to imprisonment in the State prison for life.

Only one assignment of error is argued and insisted upon, namely, "that the court erred in overruling the demurrer of the defendant to the indictment filed in this cause."

Both grounds of the demurrer, as well as the argument made here, present the single question for our consideration, whether Section 2396 Revised Statutes, under which the defendant was prosecuted in the court below, was repealed by Section 2398 Revised Statutes, as amended by Chapter 4965, act of 1901. Section 2396 is as follows: "Article 3. Rape and forcible carnal knowledge. Section 2396. Whoever ravishes and carnally knows a female of the age of ten years or more by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years shall be punished by death, or by imprisonment in the State prison for life."

Section 2598 is as follows: "Section 2598. Carnal intercourse with unmarried female under sixteen years. Whoever has carnal intercourse with any unmarried female who is under the age of sixteen years shall be punished by imprisonment not exceeding twelve months or by fine not exceeding five hundred dollars."

Chapter 4965, Act of 1901, is entitled "An Act to amend Section 2598 of the Revised Statutes of Florida, the same being entitled carnal intercourse with · unmarried female under the age of sixteen years." Section 1 raises the age of the female referred to from sixteen years to eighteen years and increases the degree of punishment. Section 2 repeals all laws inconsistent with this act.

It is contended that Section 2598 Revised Statutes, as amended, repealed Section 2396 Revised Statutes by implication. This contention would lead to the conclusion that it was the intention of the Legislature to place in juxtaposition in the Revised Statutes two sections on the same subject, one of which necessarily destroys the other. We cannot see it that way. The legal presumption is that the Legislature did not intend to keep really contradictory enactments in the statute book, or effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. State *ex rel.* Ellis Attorney-General v. Givens, 48 Fla. 165, 37 South. Rep. 308. Our proper course is to search out and follow the true intent of the Legislature, and to adopt that sense which harmonizes best with the context, and promotes the apparent policy and objects of the Legislature. Lewis' Sutherland Stat. Construction, Sec. 363.

There is no repugnancy, inconsistency or conflict between Sections 2396 and 2598 as amended. They denounce and punish separate and distinct crimes. While it is necessary under Section 2396 to allege and prove a different state of facts in order to justify a conviction where the female involved is over the age of ten years than where such female is under that age, yet, in either case, the crime denounced is rape, punishable with the same penalty of death or imprisonment for life. Where the female has reached the age of ten years, this statute requires force and want of the female's consent to be shown in order to constitute the crime of rape. Where the female is under ten years, it is only necessary to show the carnal knowledge and abuse of the child, and that she was

under ten years of age to constitute rape, because, in such a case, the law conclusively premuses that a child of such immature age is incapable of either consenting to or protesting against the act. Schang v. State, 43 Fla. 561, 31 South. Rep. 346.

Section 2598, and acts amendatory thereof, denounce and punish the crime of sexual intercourse with an unmarried female under eighteen years, under circumstances that do not make the act rape, and the female involved here must mean and does mean the unmarried female between ten years and eighteen years. After the female has arrived at the age of ten years, the law no longer presumes her incapacity to consent; and the female between ten years and eighteen years, having arrived at an age when the law recognizes her ability to consent, the act of sexual intercourse with her, when had with her consent, is made a misdemeanor and punished by a fine or imprisonment in the county jail.

Even if the phraseology of Section 2598 as amended were comprehensive enough to include all unmarried females under the age of eighteen years, we think its general terms should be restricted to exclude female children under the age of ten years, who have been classified and made subject to the distinct regulations of Section 2396. Lewis' Sutherland Stat. Construction, p. 849, and note 70, p. 851; Koontz's Admr. v. Howsare, 100 Pa. St. 506, text 508. By thus construing them together in harmony with the whole course of our legislation upon this subject, we can find for these two sections a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both. Endlich on Interpretation of Statutes, Sec. 210; State ex rel. v. Givens, 18 Fla. 165, 37 South. Rep. 308.

The learned Circuit Judge made no error in overruling the demurrer to the indictment in this case, and the judgment of the Circuit Court is affirmed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.