DAUKSCH, Judge.
Appellant was convicted of Murder in the Second Degree after having been charged with Murder in the First Degree. We find merit in one of Appellant’s assignments of error therefore need not discuss the others.
Under the guise of Williams Rule evidence, Williams v. State, 110 So.2d 654 (Fla.1959), the State was permitted to introduce items into evidence or testimony about certain items seized from the victim’s automobile shortly after his death. These items included drug paraphernalia, thirty-five pounds of marijuana, cocaine and a gun and holster. There was an assurance from the prosecutor that he would be able to or had established the relevance of these items to the trial. We have considered the record and cannot find the connection between the Defendant and these drugs, gun and paraphernalia found in the victim’s car nor can we find the promised evidence that the Appellant was in possession of the victim’s car. The prosecutor also alluded to a drug transaction between the Appellant and the victim thereby to show a motive; but no such transaction was ever proved. As was said in Williams, supra, and has been said over and over again, the State cannot introduce evidence of another crime unless some relevancy to the trial at hand is shown by the evidence. An additional problem here is that the drugs became rather a highlight in the trial and probably diverted the jury’s attention from the truly relevant evidence. See Ashley v. State, 265 So.2d 685 (Fla. 1972); Hirsch v. State, 279 So.2d 866 (Fla. 1973); Green v. State, 228 So.2d 397 (Fla. 2d DCA 1969).
If prosecutors insist upon crying the wolf of the Williams Rule they might eventually find the courts hard of hearing.
*98 REVERSED and REMANDED for a new trial.
CROSS and DOWNEY, JJ., concur.