500 So.2d 1362 (1986)
Jeffrey Scott CAULDER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1623.
District Court of Appeal of Florida, Fifth District.
December 24, 1986.
Rehearing Denied January 20, 1987.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, and Gerald S. Rutberg, Casselberry, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
ORFINGER, Judge.
We grant the State's motion for rehearing, withdraw the previous opinion filed in this case, and substitute the opinion which follows.
Caulder appeals a final judgment convicting him of the crime of sexual battery on a child under eleven years of age by a person 18 years of age or older,[1] for which he was sentenced to a term of life imprisonment without possibility of parole for 25 years, and also convicting him of the crime of committing a lewd and lascivious act in the presence of a child,[2] for which he was *1363 sentenced to a concurrent term of fifteen years' imprisonment.
Caulder was charged by indictment in Seminole County with: Count I, sexual battery upon a child eleven years of age or younger; Count II, attempted sexual battery on a child eleven years of age or younger; and, Count III, committing a lewd and lascivious act or assault upon a child. Following a jury trial, he was found guilty as charged on Counts I and III, and was acquitted on Count II. He contends that on the sexual battery charge (Count I), the trial court erred when it sustained the State's objection and refused to give the defendant's requested jury instruction on the necessarily lesser included offense of simple battery. Appellant also contends that the mandatory minimum sentence of life imprisonment without the possibility of parole for 25 years on the sexual battery conviction violates the prohibition against cruel and unusual punishment contained in the Eighth Amendment of the United States Constitution, and Article I, § 17 of the Florida Constitution.
With respect to the requested jury instruction, appellant relies exclusively on the schedule of lesser included offenses in the Florida Standard Jury Instructions in Criminal Cases at page 262. The schedule lists "battery" as the only Category I lesser offense to sexual battery under section 794.011(2). The failure to instruct on a necessarily included offense one step removed from the offense charged is reversible error per se, without regard to the harmless error doctrine, because it deprives the jury of the opportunity to exercise its inherent pardon power by returning a guilty verdict as to the next lower crime. State v. Bruns, 429 So.2d 307 (Fla. 1983); State v. Abreau, 363 So.2d 1063 (Fla. 1978). Thus, two questions are presented here; first, is simple battery a necessarily lesser offense of sexual battery upon a child eleven years of age or younger; and, 2) if it is, is it the next lower crime for which the defendant could have been convicted here.
The State argues that the schedule of lesser included offenses is incorrect when it lists battery as a necessarily included offense of sexual battery upon a child eleven years or under. The State advances several arguments in support of this proposition, but only one merits discussion. A necessarily included offense is one whose constituent elements are included within the elements of the greater offense. State v. Baker, 452 So.2d 927 (Fla. 1984); Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982). Put another way, all the statutory elements of a necessarily lesser offense are proved in proving the greater offense. Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985); Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984). Recognizing this definition, the State nevertheless argues that simple battery cannot be a necessarily included offense of sexual battery on a child under the age of eleven because one of the constituent elements of the crime of simple battery is an unconsented touching, whereas this particular sexual battery does not require either an allegation or proof of the nonconsent of the victim. Thus, says the State, proof of sexual battery under section 794.011(2), does not necessarily include proof of a battery because the element of nonconsent is missing.
What the State overlooks is the historic principle that children of tender years have always been considered as legally incapable of giving consent to sexual abuse, so that their lack of consent is presumed by law,[3] *1364 and thus need not be specifically alleged or proved.
In Schang v. State, 43 Fla. 561, 31 So. 346 (1901) the defendant was indicted for rape of a child under ten years of age, but was convicted of an assault with intent to commit rape. He appealed the conviction, arguing that the crime of assault with intent to commit rape was not included within the crime of rape with which he was charged. In affirming the conviction, the court held:
Under the provisions of [the statute], the unlawful carnal knowledge and abuse of a female child under the age of 10 years is made a felony punishable with death or imprisonment for life, whether such child formally consents thereto or not; and section 2403, last above quoted, makes an assault upon such child with the intent carnally to know and abuse her punishable as a felony. It would seem to be a contradiction in terms, when these two statutes are considered together, to say that the principal crime may be completely consummated and punished, regardless of the consent of the child, and that yet, in trying an assault with the intent to commit it, the consent or nonconsent of the child would be material. In such cases the law presumes that a child of such immature age is incapable of either consenting to or protesting against the act, and this presumption of incapacity applies as well to every act of her assailant tending towards the commission of the crime as to the completed crime itself.
31 So. at 347. See also McKinney v. State, 29 Fla. 565, 10 So. 732 (1892).
Other authorities have reached similar conclusions. In Commonwealth v. Roosnell, 143 Mass. 32, 8 N.E. 747 (1886), the defendant argued that the offense of assault upon a female child under 10 years of age with intent to carnally know and abuse her could not be maintained in the absence of allegation and proof that the acts were done without the consent of the victim. Recognizing that consent would not be a defense to a charge of raping the child, the defendant nevertheless insisted that consent was a defense to a charge of assault because the rape statute did not extend to assault, and consent was always a good defense to a charge of assault. In rejecting this defense, the Supreme Judicial Court of Massachusetts noted:
Where a rape upon a child under the age of 10 years is charged, by carnally knowing and abusing her, it is not necessary to aver or prove that the acts were done against her will or without her consent. The reason is that, from her tender years, she is held in law to be incapable of giving a valid consent to such acts, and the law conclusively presumes that she did not consent. 3 Greenl.Ev. § 211. The rule has always been so from the earliest times, though the reason has not always been stated in this form.
* * * * * *
If, as all agree, it is immaterial upon a charge of committing the completed act, which includes an assault, no reason, but an extremely technical one, can be urged why it should not be so upon a charge of assault with intent to commit the completed act. Indeed, to speak of an assault upon her without her consent, with intent to carnally know and abuse her with her consent, seems to involve a contradiction in terms. But when it is once considered that the intention of the law *1365 is to declare that a young girl shall be deemed incapable of consenting to such an act to her injury, and that evidence of any consent by her shall be incompetent in defense to an indictment therefor, and that although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and cannot take in the meaning of what is done, all legal difficulty disappears, and the conclusion may properly be reached that the assault is without her consent, and against her will. [Emphasis added].
Roosnell, 8 N.E. at 751, 752. See also Murphy v. State, 120 Ind. 115, 22 N.E. 106 (1889).
So it is that in the charge of sexual battery upon a child of eleven years or younger lack of consent is an element of the crime although it need not be alleged or proved, because it is conclusively presumed by law. Because a child of that age is conclusively presumed to be legally incapable of giving consent to a sexual battery, her lack of consent is always present as an element of the crime.[4] Thus, a charge of the greater crime of sexual battery on a child of eleven or younger always includes a charge of simple battery, because the constituent elements of the sexual battery charge include the constituent elements of simple battery, to-wit: an unconsented touching. The schedule of necessarily lesser included offenses thus correctly lists simple battery as a necessarily lesser included offense of sexual battery under section 794.011(2), and the jury should have been so instructed.
Our holding that the trial court erred in not instructing the jury on the lesser included crime of simple battery is not dispositive, however, of the question of whether that error is reversible. Although the trial court rejected the requested charge on simple battery, it granted defendant's request that the jury be instructed on lewd assault, a second degree felony under section 800.04, Florida Statutes (1983), as a lesser offense of the sexual battery charge. If lewd assault is a necessarily lesser included offense of sexual battery on a child eleven years or younger, then it would be only one step removed from the crime charged, so the failure to instruct on simple battery, a first degree misdemeanor under section 784.03 and thus two steps removed, would be harmless error because it is not logical to conclude that having had the opportunity to convict the defendant of the next lower crime, and having rejected that choice, it would have reached down to convict of an even lower crime. State v. Bruns, 429 So.2d 307 (Fla. 1983); State v. Abreau, 363 So.2d 1063 (Fla. 1978).
Relying on earlier cases such as Ray v. State, 403 So.2d 956 (Fla. 1981), this court has held that lewd assault under section 800.04 (1983) is not a necessarily lesser offense of sexual battery under section 794.011(2), Florida Statutes (1983). Hightower v. State, 488 So.2d 106 (Fla. 5th DCA 1986), rev. granted, State v. Hightower, No. 68,717 (Fla. Sept. 15, 1986) (Oral argument scheduled for Jan. 27, 1987).
If lewd assault is not a necessarily lesser included offense of sexual battery on a child under eleven, under the facts in this case, still no reversible error appears. In Ray v. State, 403 So.2d 956 (Fla. 1981) the trial court instructed the jury that lewd *1366 assault was a lesser offense of sexual battery, and the defendant was convicted of the "lesser" offense. Although holding that lewd assault was not a lesser included offense, the supreme court nevertheless held that a conviction on that offense could be upheld under certain conditions:
We hold ... that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
403 So.2d at 961.
In the present case, both of Ray's prerequisites are met. Lewd assault is lesser in degree and penalty than the sexual battery charged. Additionally, the record shows that not only did Caulder fail to object, but he agreed to the instruction on lewd assault as a lesser included offense of sexual battery, and relied on the "lesser" offense in arguing his case to the jury. He also agreed to the verdict form listing this offense as the next lesser offense after attempted sexual battery. The State argues that because the jury could have lawfully exercised its pardon power by convicting Caulder of the second degree felony of lewd assault but chose not to do so, it is apparent that they would not have pardoned him by convicting him of the still lesser crime of simple battery, which is only a first degree misdemeanor.
Because lewd assault is not a lesser included offense of sexual battery, this argument departs from the true "step" analysis in Abreau and Bruns, but the reasoning is faithful to the underlying concern of those decisions. If a defendant is convicted of the greater crime, no prejudicial error is present in the trial court's failure to instruct on a lesser included offense "two steps" removed where the jury has already declined to pardon the defendant by convicting him of an offense which they have been instructed is only "one step" removed. Although lewd assault is not a lesser included offense and therefore not a "step," it is nevertheless a lesser offense than sexual battery, and a greater offense than simple battery. Under Ray, and the facts in this case, the jury could have pardoned Caulder by lawfully convicting him of lewd assault. However, it declined to do so and thus would certainly not have reached even lower to convict him of simple battery. The error in not instructing the jury on the lesser crime of simple battery is harmless here. Cf. Acensio v. State, 497 So.2d 640 (Fla. 1986).
Appellant's contention that the mandatory penalty for conviction under section 794.011(2) is constitutionally prohibited as "cruel and unusual punishment" has been previously rejected by the Florida supreme court. In Banks v. State, 342 So.2d 469 (Fla. 1976) the court explicitly upheld the mandatory life sentence against the attack that such sentence was cruel and unusual punishment prohibited by the Constitutions of the United States and of the State of Florida. In Buford v. State, 403 So.2d 943 (Fla. 1981) the court vacated the death penalty imposed on the defendant for sexual battery of child under the age of eleven years as cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution, and instead imposed the sentence of life imprisonment with no possibility of parole for 25 years, as required by section 775.082(1), thereby implicitly affirming its previous holding that the mandatory life sentence did not constitute such cruel and unusual punishment. See also Rusaw v. State, 451 So.2d 469 (Fla. 1984) and State v. Hogan, 451 So.2d 844 (Fla. 1984). We see no reason to belabor this issue further.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Section 794.011(2), Florida Statutes (1983) provides:

A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 800.04, Florida Statutes (1983) provides:

Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
In 1984, the Legislature comprehensively amended the sexual offense statutes. However, the offense here was committed before October 1, 1984, the effective date of the 1984 amendment, so for that reason the 1983 versions of the sexual offense statutes, particularly section 800.04, are relevant to the present decision. We note however that the result reached in this decision would have been the same had the 1984 amendment applied.
[3] As noted in 4 Blackstone, Commentaries;

And by statute 18 Eliz. c. 7, [rape is] made felony without benefit of clergy; as is also the abominable wickedness of carnally knowing and abusing any woman child under the age of ten years; in which case the consent or nonconsent is immaterial, as by reason of her tender years she is incapable of judgment and discretion. Sir Matthew Hale is indeed of opinion that such profligate actions committed on an infant under the age of twelve years, the age of female discretion by the common law, either with or without consent, amount to rape and felony, as well since as before the statute of queen Elizabeth; but that law has in general been held only to extend to infants under ten, though it should seem that damsels between ten and twelve are still under the protection of the statute Westm. I, the law with respect to their seduction not having been altered by either of the subsequent statutes. [Emphasis in original]. [Footnotes omitted].
Of Public Wrongs, § 212, p. 1609.
[4] The element of "without the victim's consent" is explicitly set forth in the sexual battery statute, Chapter 794, Florida Statutes (1985), with some exceptions. One such section, 794.011(2) is discussed in this opinion. Another section is 794.05, (carnal intercourse with an unmarried person under the age of 18 years and of previous chaste character). A charge under this latter section, like a charge under 794.011(2) need not allege lack of consent, because the law presumes that a person falling within the protected class defined by this statute is legally incapable of consenting to or protesting against the act. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). Similarly, lack of consent need not be alleged or proved when the charge is brought under section 794.041 (sexual activity with child more than 12 but less than 18 years of age by or at solicitation of a person in familial or custodial authority) and we conclude from the preamble to Chapter 84-86, Laws of Florida, 1984 which adopted this section, that the Legislature intended to apply the same legal principle to this section as well.