RYDER, Judge.
Michael Hettick was charged with possession of cocaine (Count I), delivery of cocaine (Count II) and conspiracy to traffic in cocaine (Count III). The jury acquitted him on Counts I and II, and found him guilty on Count III. He now attacks the trial court’s refusal to instruct the jury on a lesser included offense to conspiracy to traffic in cocaine. He also challenges the sentence imposed. We find merit in his first point and reverse. The sentencing issue is therefore moot, and we will not address it.
The state initially contends that Het-tick has failed to preserve the jury instruction issue for appellate review. We disagree. *965 At the charge conference, Hettick’s counsel specifically asked for an instruction on , the lesser included offense of conspiracy to purchase cocaine,[1] stated his basis for the request and even cited a case to the court. The court ruled, as a matter of law, that no lesser included offense existed to the charge of conspiracy to traffic. At the end of the charge conference, the court asked Hettick’s counsel if he had any objections, other than those already noted. Counsel replied he did not, other than those noted. Hettick’s counsel did not object again after the court had read the instructions to the jury. The judge had, however, clearly stated his intention not to give the instruction at the charge conference. Any further objection at the reading of the instructions would have been pointless. See Austin v. State, 406 So.2d 1128, 1131— 1132 (Fla. 4th DCA 1981), dismissed, 419 So.2d 1200 (Fla.1982).
We agree with Hettick that the trial court should have given an instruction on conspiracy to purchase cocaine. Count III of the information charged that Hettick and his codefendants
did knowingly agree, conspire, combine, or confederate among themselves or other divers persons, as part of a continuing common scheme or plan, to commit a felony, to-wit: Trafficking in Cocaine, in derogation of Florida Statute 893.135(l)(b)l, that is to say did knowingly, unlawfully, and feloniously sell, purchase, manufacture, deliver, or bring into this State; or were knowingly in actual or constructive possession of 28 grams or more, but less than two hundred (200) grams of Cocaine _ (Emphasis added).
The charge of conspiracy to traffic in cocaine was based on the amount of cocaine allegedly involved in the transaction, over 28 grams. § 893.135(l)(b)l., Fla.Stat. (1991). Hettick asserted he was entitled to a jury instruction on the lesser included offense of conspiracy to purchase cocaine because the charging instrument specifically mentioned purchase and because evidence at trial showed he may have only been involved with the purchase of five grams of cocaine.
The facts here are similar to those in State v. Weller,' 590 So.2d 923 (Fla.1991). The information there charged Weller with conspiracy to traffic in 400 grams or more of cocaine, and stated that Weller and his code-fendant “conspire[d], combine[d], agree[d], or confederate[d] to deliver Cocaine....” The court noted that an instruction on conspiracy to deliver cocaine was not automatically required as a lesser included offense of conspiracy to traffic in cocaine, but “an instruction must be given for any lesser offense all the elements of which are alleged in the accusatory pleadings and are supported by the evidence adduced at trial.” 590 So.2d at 926 (citation omitted). The court held that Weller was entitled to an instruction on conspiracy to deliver cocaine as a Category 2 permissible lesser included offense.
The reasoning in Weller applies here. The elements of conspiracy to purchase were alleged in the information, and were supported by evidence at trial. The trial court should have given the requested instruction on the lesser offense. We reverse and remand for new trial on the charge of conspiracy to traffic in cocaine.
Reversed and remanded.
FRANK, C.J., and HALL, J., concur.

. Hettick argues in his brief that he was also entitled to an instruction on the lesser included offense of conspiracy to deliver cocaine. We will not address this issue because our review of the record does not show that Hettick’s counsel asked for such an instruction. We do note that, under the facts presented here, if such an instruction had been requested, it should have been given.