736 So.2d 739 (1999)
Frank Walter COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2208.
District Court of Appeal of Florida, Fifth District.
June 18, 1999.
*740 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Frank Cook appeals his judgments and sentences which were imposed by the trial court after a jury found him guilty on five counts of committing a lewd, lascivious, or indecent act upon a child under the age of 16 years, and one count of committing a lewd or lascivious act in the presence of a child under the age of 16 years.[1] We affirm in part, reverse in part, and remand for further proceedings.
First, with regard to his five convictions for committing a lewd, lascivious, or indecent act upon a child under the age of 16 years, Mr. Cook contends that the trial court erred in denying his request for a jury instruction on the lesser included offense of battery. We agree. A defendant is entitled to receive a jury instruction on battery as a lesser included offense of committing a lewd, lascivious, or indecent act upon a child under the age of 16 years where, as here, the facts alleged in the information and the evidence presented at trial satisfy all of the elements of the crime of battery. See Biles v. State, 700 So.2d 166, 167 (Fla. 4th DCA 1997); see also Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997); Caulder v. State, 500 So.2d 1362, 1363 (Fla. 5th DCA 1986), rev. denied, 511 So.2d 297 (Fla. 1987), cert. denied, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988). Accordingly, we must reverse Mr. Cook's judgments and sentences on the five charges of committing a lewd, lascivious, or indecent act upon a child under the age of 16 years, and remand this matter to the trial court for a new trial on these charges.
Second, with regard to his conviction for committing a lewd or lascivious act in the presence of a child under the age of 16 years, Mr. Cook argues that the trial court erred in refusing to allow him to introduce evidence concerning statements made to him by the victim's mother. Mr. Cook sought to submit hearsay evidence indicating that, prior to the filing of the instant charges, the victim's mother had threatened to file criminal charges against Mr. Cook if he sought to obtain custody of the parties' daughter (the victim's half-sister) in a paternity action pending between the parties. The trial court properly excluded this hearsay evidence as being irrelevant because Mr. Cook failed to submit any evidence indicating that the victim had been influenced in any way by her mother to testify about Mr. Cook's repeated criminal conduct. See Akers v. State, 352 So.2d 97 (Fla. 4th DCA 1977). Accordingly, we affirm this ruling.
Mr. Cook further contends that the trial court erred in denying his motion for mistrial which was made during the prosecutor's closing argument. Mr. Cook maintains that it was necessary to declare a mistrial because the prosecutor improperly referred to additional uncharged crimes which he had committed against the victim. We again affirm the trial court's ruling. Although the prosecutor made reference to numerous uncharged incidents of sexual abuse which Mr. Cook had perpetrated upon the victim, those incidents had been testified to by the victim during trial. *741 Accordingly, Mr. Cook suffered no prejudice as a result of the prosecutor's comment. See § 924.051(3), Fla. Stat. (1997).
We affirm Mr. Cook's judgment and sentence of twenty years' imprisonment on the charge of committing a lewd or lascivious act in the presence of a child under the age of 16 years. We reverse his judgments and sentences on the five counts of committing a lewd, lascivious, or indecent act upon a child under the age of 16 years. We remand this matter to the trial court for new trial.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, C.J., W. SHARP, and ANTOON, JJ., concur.
NOTES
[1] §§ 800.04(1), 800.04(4), Fla. Stat. (1997).