WHATLEY, Judge.
Richard N. Corpstein appeals his conviction for conspiracy to traffic in cocaine. We affirm the denial of his motion to suppress without discussion; however, we reverse his conviction and remand for a new trial because the trial court erred in refusing to instruct the jury on a lesser included offense.
Corpstein was charged with conspiracy to traffic in twenty-eight grams or more but less than 200 grams of cocaine. § 893.135(l)(b)(1)(a), Fla. Stat. (2001). At the charge conference, Corpstein asked the court to instruct the jury on the offense of conspiracy to deliver cocaine. *308 § 893.13(1)(a)(1), Fla. Stat. (2001). This statute provides that it is unlawful for any person to sell, manufacture, or deliver cocaine, but it does not contain an element requiring a specific quantity of cocaine. Id. The trial court denied the requested instruction.[1]
In State v. Weller, 590 So.2d 923, 926 (Fla.1991), the Florida Supreme Court noted that “an instruction on conspiracy to deliver cocaine is not automatically required as a lesser included offense of conspiracy to traffic in cocaine.” The supreme court held that the instruction must be given if the elements of delivery are alleged in the information and the evidence at trial supports the charge. Id.; see also Hettick v. State, 637 So.2d 964 (Fla. 2d DCA 1994).
In the present case, the elements of delivery were alleged in the amended information. However, the State argues that the evidence clearly showed that Corpstein delivered more than twenty-eight grams of cocaine, and therefore, the evidence did not support an instruction of conspiracy to deliver cocaine. We do not find merit in this argument because there is no element requiring a specific amount of cocaine under section 893.13(l)(a)(l), and therefore, the delivery of any amount of cocaine would be a violation of the statute.
In Amado v. State, 585 So.2d 282, 283 (Fla.1991), the Florida Supreme Court held that even if the evidence is “overwhelming that the amount of drugs involved in this transaction exceeded twenty-eight grams [this] does not preclude giving the instruction upon request” because juries are permitted to convict on lesser offenses if they choose to exercise their power to pardon. See Belser v. State, 854 So.2d 223, 224 (Fla. 1st DCA 2003) (concluding that even where “the weight of the evidence is overwhelming in favor of the state’s charge, the defendant is entitled to an instruction on a lesser offense where the charging document and the evidence adduced at trial could support a conviction for the lesser offense”).
Accordingly, we reverse Corpstein’s conviction for conspiracy to traffic in cocaine and remand for a new trial.
Reversed and remanded.
COVINGTON and VILLANTI, JJ, Concur.

. A violation of section 893.135(l)(b)(l)(a), conspiracy to traffic in twenty-eight grams or more but less than 200 grams of cocaine, carries a mandatory minimum term of three years in prison and a $50,000 fine. A violation of section 893.13(l)(a)(l) does not mandate these two penalties.