920 So.2d 737 (2006)
Leon Oliver JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1398.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
The defendant appeals from his convictions and sentences for lewd and lascivious battery and interference with child custody. His sole point on appeal relates to the denial of his requested jury instruction on simple battery as a lesser included offense of lewd and lascivious battery. Because decisional law dictates that this instruction should have been given, we are obligated to reverse for a new trial on the lewd and lascivious battery charge.
The trial court declined to give the lesser charge on simple battery explaining that based on the victim's own testimony, there was no evidence that anything that occurred was against her will. Defense counsel repeatedly requested the lesser be given but was unable to articulate precisely why the instruction on battery should be given.[1]
First degree misdemeanor battery is a category two, permissive lesser included offense of lewd and lascivious battery, the crime proscribed by section 800.04(4)(a) and charged in Count II of the *738 amended information. Sherrer v. State, 898 So.2d 260 (Fla. 1st DCA 2005); Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 800.04. As such, the defendant, upon request, was entitled to receive a jury instruction on battery as a lesser included offense of lewd and lascivious battery if the count alleges all the elements of battery and the evidence supports all the elements of that offense. State v. Von Deck, 607 So.2d 1388 (Fla. 1992); Cook v. State, 736 So.2d 739 (Fla. 5th DCA 1999); Biles v. State, 700 So.2d 166 (Fla. 4th DCA 1997).
While, as the State points out, Count II did not specifically allege that the defendant's sexual activity with the minor victim was un-consented to, it did allege that the defendant "engaged in sexual activity with [the victim], a child older than 12 years of age but less than 16 years of age." In Caulder v. State, 500 So.2d 1362, 1363-64 (Fla. 5th DCA 1987), this Court explained:
What the State overlooks is the historic principle that children of tender years have always been considered as legally incapable of giving consent to sexual abuse, so that their lack of consent is presumed by law, and thus need not be specifically alleged or proved.
500 So.2d at 1363-64 (footnote omitted).
The Caulder court held that in a prosecution for sexual battery on a child 11 years of age or younger, lack of consent, though an element, need not be specifically alleged or proved as it is presumed by law, and thus the jury should be instructed upon request on the lesser offense of simple battery. The court went on to find the failure to so instruct to be harmless error because the trial court did (albeit erroneously but without objection) instruct on lewd assault as a lesser included, thus permitting the jury the opportunity to exercise its pardon power. In this case, unlike in Caulder, no lessers were instructed upon.[2]
The absence of an express allegation of an un-consented-to touching in this case did not preclude an instruction on simple battery as a permissive lesser included, anymore than the omission of such specific allegation in charging lewd and lascivious battery rendered the amended information defective.
The defendant was entitled, upon request, to an instruction on battery as a lesser included offense of lewd and lascivious battery even though the overwhelming evidence favored the State's charge. Belser v. State, 854 So.2d 223, 224 (Fla. 1st DCA 2003). See also Corpstein v. State, 872 So.2d 307 (Fla. 2d DCA 2004). The conviction for interference with child custody is affirmed. The conviction and sentence for lewd and lascivious battery are reversed and the cause remanded for a new trial on that charge.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA and ORFINGER, JJ., concur.
NOTES
[1] The issue was preserved for appellate review. The trial court was aware of the legal issue and ruled directly upon it. See Spurlock v. State, 420 So.2d 875 (Fla.1982).
[2] The trial court declined to instruct on any lessers. Under the Schedule of Lesser Included Offenses, there are four category 2 (permissive lessers) for lewd and lascivious battery: attempt, assault, battery and unnatural and lascivious act.