935 So.2d 583 (2006)
Saysinh KHIANTHALAT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2592.
District Court of Appeal of Florida, Second District.
August 4, 2006.
James Marion Moorman, Public Defender, and Edward Lee Giles, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
*584 KELLY, Judge.
Saysinh Khianthalat appeals from his judgment and sentence for committing a lewd, lascivious, or indecent act upon a child under the age of sixteen but over the age of twelve, solicitation to commit perjury, and tampering with a witness. We find no merit to his arguments on appeal and therefore affirm his judgment and sentences. However, we write to explain why we have rejected Khianthalat's argument that he was wrongly denied a jury instruction on simple battery.
The State charged Khianthalat with nine counts of committing a lewd, lascivious, or indecent act upon a child twelve years of age or older but less than sixteen years of age under section 800.04(4), Florida Statutes (2002). The information alleges that Khianthalat "engaged in sexual activity with [the victim], a child older than 12 years of age but less than 16 years of age." At trial, the victim testified that she was thirteen years old when she first had sex with Khianthalat: "Well, at that time I was thirteen years old and didn't know much. And I thought that since he was older than me, that it was okay and no one would find out, and we would just do our thing and no one would ever know."
During the jury charge conference, Khianthalat asked the court to instruct the jury on simple battery as a lesser-included offense of committing a lewd, lascivious, or indecent act upon a child. The State objected because the information did not allege and the victim never testified that Khianthalat touched her against her will. Khianthalat argued that the instruction was proper because the minor victim could not legally consent. The trial court refused to give the instruction.
Khianthalat argues that the trial court erred when it refused to give the battery instruction. Battery is a category two permissive lesser-included offense to lewd, lascivious, or indecent act upon a child. Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 800.04. An instruction on a category two permissive lesser-included offense must be given when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged. State v. Von Deck, 607 So.2d 1388 (Fla.1992). The elements of battery are: (1) actually and intentionally touching or striking another person (2) against the will of the other. § 784.03(1)(a)(1), Fla. Stat. (2002). Khianthalat contends that because the victim was a minor she was not legally capable of consenting to sexual activity; thus, he was entitled to a battery instruction even though the information did not specifically allege and the evidence did not establish that he touched the victim against her will. We disagree.
Khianthalat's argument confuses the unavailability of consent as a defense to a charge of lewd, lascivious, and indecent act with a child with the legal presumption that a child under the age of twelve cannot consent to sexual activity. Examining the lineage of Florida's sexual offenses makes the distinction between the two clear. Early cases indicate that Florida's first rape statute simply codified the common law offense of rape.[1] The statute defined *585 rape as having carnal knowledge of a female age ten or older by force and against her will or of a female under the age of ten irrespective of consent. See McKinny v. State, 29 Fla. 565, 10 So. 732, 733 (1892).
In 1892, the legislature enacted a new statute that made it a misdemeanor to have "carnal intercourse" with any unmarried female under the age of sixteen.[2]See Wilson v. State, 50 Fla. 164, 39 So. 471 (1905). In Wilson, the court addressed the effect of the new statute on the provision in the existing rape statute that dealt with females under the age of ten. The supreme court held that when the legislature enacted the statute, it had created a new crime, it had not repealed the existing rape law, even though the new misdemeanor statute on its face applied to all unmarried females under the age of sixteen. Id. at 471-72.
The court explained that before a child reaches the age of ten, "the law conclusively presumes that a child of such immature age is incapable of either consenting to or protesting against the act." Id. Because of that presumption, intercourse with a female under the age of ten still constituted rape under the old statute. Id. After a child reached the age of ten, however, the law no longer presumed she could not consent; therefore, if she consented to intercourse, the act was not a crime under the existing rape law. Id. Accordingly, the court concluded that the purpose of the new statute was to criminalize consensual sexual intercourse with an unmarried female between the ages of ten and sixteen, not to repeal the rape law. Id.
The presumption of incapacity to consent is still embodied in current statutes defining sexual offenses. Section 794.011, Florida Statutes (2002), the sexual battery statute, reflects that the presumption of incapacity to consent ends at age eleven. Subsections (3), (4) and (5) define sexual batteries involving victims twelve or older.[3] To constitute sexual battery under those subsections, the State must prove the victim did not consent. This requirement recognizes that a person twelve or older has the ability to consent.
In contrast, subsection (2)(a) provides: "[A] person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony." *586 This subsection of the sexual battery statute does not explicitly mention consent because it incorporates the presumption that "a child of such immature age is incapable of either consenting to or protesting against the act." As noted by the court in Caulder v. State, 500 So.2d 1362, 1363-64 (Fla. 5th DCA 1986), in a prosecution for sexual battery on a child eleven years of age or younger, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent. Thus, because lack of consent is an element of sexual battery under subsection (2)(a), the offense always includes a charge of simple battery as a necessarily lesser-included offense, just as it does under subsections (3), (4) and (5). Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 794.011.
Khianthalat's argument that he was entitled to a jury instruction on battery as a permissive lesser-included offense fails because section 800.04(4), the statute under which he was charged, does not apply to children under the age of twelve; accordingly, the presumption of incapacity to consent is not applicable to offenses under that statute.[4] Section 800.04(4) is intended to criminalize sexual activity with children twelve years of age or older but less than sixteen years of age even where the activity is consensual. See Welsh v. State, 850 So.2d 467 (Fla.2003).[5] "The legislature enacted section 800.04 based on a `morally neutral judgment' that sexual intercourse with a child under the age of sixteen, with or without consent, is potentially harmful to the child." Jones v. State, 640 So.2d 1084, 1086 (Fla.1994) (quoting Paris Adult Theatre I v. Slaton, 413 U.S. 49, 69, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973)). The fact that section 800.04 eliminates consent as a defense necessarily implies that the sexual activity may be consensual, but nevertheless, the State, as a matter of policy, will ignore the consent because of its legitimate interest in protecting minors from sexual exploitation. See id. Because in this case the presumption of incapacity to consent is inapplicable and the sexual activity was not against the minor victim's will, Khianthalat was not entitled to an instruction on simple battery.
Accordingly, we affirm.
NORTHCUTT, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] Under English common law, sexual relations with a child of any age was not considered rape if the child consented, but an early English statute made carnal knowledge of a child under ten years of age a felony irrespective of consent. 2 Wayne R. LaFave, Substantive Criminal Law § 17.4(c), at 648 (2d ed. 2003). William Blackstone discussed the statute, 18 Eliz. C. 7, in his Commentaries on the Laws of England, in which he noted that "the consent or nonconsent [of a woman under the age of ten years] is immaterial, as by reason of her tender years she is incapable of judgment and discretion." Blackstone, 4 Commentaries at *212; see also McKinny v. State, 29 Fla. 565, 10 So. 732, 733 (1892) (explaining that because it was believed that a child under age ten could neither consent nor protest, "it was anciently doubted whether rape could be committed upon a child under 10 years of age, and hence the statute, 18 Eliz. C. 7, § 4, was enacted"). The English statute was old enough to become part of the common law in the United States; however, states eventually enacted statutes codifying the offense. 2 LaFave, supra.
[2] In 1901, the legislature amended the statute to increase the age to eighteen. Wilson v. State, 50 Fla. 164, 39 So. 471 (1905).
[3] Section 794.011, provides in pertinent part:

(3) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony....
(4) A person who commits sexual battery upon a person 12 years of age or older without that person's consent, under any of the following circumstances, commits a felony of the first degree. . . .
. . . .
(5) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree.
(Emphasis added.)
[4] If it did apply, battery would be a necessarily lesser-included offense, not a permissive lesser-included offense as Khianthalat contends. Khianthalat's argument is not without support, however. In Jackson v. State, 920 So.2d 737 (Fla. 5th DCA 2006), the court, relying on the presumption of incapacity where the victim was over the age of twelve, concluded that a defendant was entitled to an instruction on simple battery even though there was no allegation of nonconsensual touching.
[5] Until section 800.04 was amended in 1999, it only criminalized consensual sexual activity because the statute specifically excluded sexual battery as a means of perpetrating the act. See Williams v. State, 922 So.2d 418 (Fla. 2d DCA 2006).