974 So.2d 359 (2008)
Saysinh KHIANTHALAT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1802.
Supreme Court of Florida.
January 17, 2008.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, Florida, and Robert J. Krauss, Bureau Chief, and Jonathan P. Hurley, Assistant Attorneys General, Tampa, FL, for Respondent.
BELL, J.
Is a defendant charged under section 800.04(4), Florida Statutes (2002), with lewd or lascivious battery on a child twelve years of age or older but less than sixteen years of age entitled to a jury instruction on simple battery if the information does not allege lack of consent and the evidence presented at trial does not support lack of consent? In Khianthalat v. State, 935 So.2d 583 (Fla. 2d DCA 2006), the Second District Court of Appeal determined that *360 the defendant was not entitled to this instruction. In Jackson v. State, 920 So.2d 737 (Fla. 5th DCA 2006), the Fifth District Court of Appeal reached the opposite conclusion. As explained below, we agree with the Second District and hold that a defendant facing these circumstances is not entitled to a jury instruction on simple battery.[1]

FACTUAL AND PROCEDURAL BACKGROUND
The Second District recited these relevant facts:
The State charged Khianthalat with nine counts of committing a lewd [or lascivious battery] upon a child twelve years of age or older but less than sixteen years of age under section 800.04(4), Florida Statutes (2002). The information alleges that Khianthalat "engaged in sexual activity with [the victim], a child older than 12 years of age but less than 16 years of age." At trial, the victim testified that she was thirteen years old when she first had sex with Khianthalat: "Well, at that time I was thirteen years old and didn't know much. And I thought that since he was older than me, that it was okay and no one would find out, and we would just do our thing and no one would ever know."
During the jury charge conference, Khianthalat asked the court to instruct the jury on simple battery as a lesser-included offense of committing a lewd [or lascivious battery] upon a child. The State objected because the information did not allege, and the victim never testified that Khianthalat touched her against her will. Khianthalat argued that the instruction was proper because the minor victim could not legally consent. The trial court refused to give the instruction.
Khianthalat, 935 So.2d at 584. Thereafter, Khianthalat was convicted and sentenced for lewd or lascivious battery upon a child twelve years of age or older but less than sixteen years of age. Id.[2]
On appeal, the Second District affirmed Khianthalat's judgment and sentences, specifically rejecting his assertion that the trial court committed reversible error by denying his request for the simple battery instruction. Id. The Second District found that "[b]ecause in this case the presumption of incapacity to consent is inapplicable and the sexual activity was not against the minor victim's will, Khianthalat was not entitled to an instruction on simple battery." Id. at 586.
Khianthalat sought review on the grounds that the Second District's opinion was in express and direct conflict with the Fifth District's decision in Jackson, 920 So.2d 737. Relying on the principle that a child of tender years cannot legally consent to sexual activity, the Fifth District held that the defendant charged with lewd or lascivious battery upon a child twelve years of age or older but less than sixteen years of age was entitled to a simple battery instruction. Id. at 738.

DISCUSSION
Khianthalat argues that he was entitled to a jury instruction on simple battery as a permissive lesser included offense because lack of consent is presumed by law in a child of tender years. Because this matter involves a legal determination based upon undisputed facts, this. Court's standard of review is de novo. See *361 Williams v. State, 957 So.2d 595, 598 (Fla. 2007).
Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So.2d 377, 383 (Fla.1968)). We recently reiterated this longstanding rule of law by stating that "[a]n instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." Williams v. State, 957 So.2d 595, 599 (Fla.2007) (emphasis added).
Neither of these two conditions was satisfied in this case. The elements of simple, battery are: (1) actually and intentionally touching or striking another person; and (2) against the will of the other person. § 784.03(1)(a)(1), Fla. Stat. (2002). This second element was completely absent from both the charging document and the evidence at trial. The information did not allege that the illegal sexual activity was against the will of the victim, and there was no evidence at trial that the charged conduct was against her will. In such a circumstance, Khianthalat was not entitled to an instruction on simple battery as a permissive lesser included offense of lewd or lascivious battery under section' 800.04.
Despite the complete absence of evidence that his act was against the victim's will, Khianthalat's contends that the "against the will" element of simple battery was present because lack of consent is presumed by law in a child of tender years. As the Second District correctly determined, this argument confuses the unavailability of consent as a defense to lewd or lascivious battery under section 800.04 with the legal presumption that a child under twelve cannot consent to sexual activity under section 794.011, Florida Statutes (2002). The Second District reasoned as follows:
Examining the lineage of Florida's sexual offenses makes the distinction between the two clear. Early cases indicate that Florida's first rape statute simply codified the common law offense of rape. The statute defined rape as having carnal knowledge of a female age ten or older by force and against her will or of a female under the age of ten irrespective of consent. See MeKinny v. State, 29 Fla. 565, 10 So. 732, 733 (1892).
In 1892, the legislature enacted a new statute that made it a misdemeanor to have "carnal intercourse" with any unmarried female under the age of sixteen. See Wilson v. State, 50 Fla. 164, 39 So. 471 (1905). In Wilson, the court addressed the effect of the new statute on the provision in the existing rape statute that dealt with females under the age of ten. The supreme court held that when the legislature enacted the statute, it had created a new crime, it had not repealed the existing rape law, even though the new misdemeanor statute on its face applied to all unmarried females under the age of sixteen. Id. at 471-72.
The court explained that before a child reaches the age of ten, "the law conclusively presumes that a child of such immature age is incapable of either consenting to or protesting against the act." Id. Because of that presumption, intercourse with a female under the age of ten still constituted rape under the old statute. Id. After a child reached *362 the age of ten, however, the law no longer presumed she could not consent; therefore, if she consented to intercourse, the act was not a crime under the existing rape law. id. Accordingly, the court concluded that the purpose of the new statute was to criminalize consensual sexual intercourse with an unmarried female between the ages of ten and sixteen, not to repeal the rape law. Id.

The presumption of incapacity to consent is still embodied in current statutes defining sexual offenses. Section 794.011, Florida Statutes (2002), the sexual battery statute, reflects that the presumption of incapacity to consent ends at age eleven. Subsections (3), (4) and (5) define sexual batteries involving victims twelve or older. To constitute sexual battery under those subsections, the State must prove the victim did not consent. This requirement recognizes that a person twelve or older has the ability to consent.
In contrast, subsection (2)(a) provides: "[A] person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony." This subsection of the sexual battery statute does not explicitly mention consent because it incorporates the presumption that "a child of such immature age is incapable of either consenting to or protesting against the act." As noted by the court in Caulder v. State, 500 So.2d 1362, 1363-64 (Fla. 5th DCA 1986), in a prosecution for sexual battery on a child eleven years of age or younger, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent. Thus, because lack of consent is an element of sexual battery under subsection (2)(a), the offense always includes a charge of simple battery as a necessarily lesser-included offense, just as it does under subsections (3), (4) and (5). Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 794.011.
Khianthalat's argument that he was entitled to a jury instruction on battery as a permissive lesser-included offense fails because section 800.04(4), the statute under which he was charged, does not apply to children under the age of twelve; accordingly, the presumption of incapacity to consent is not applicable to offenses under that statute. Section 800.04(4) is intended to criminalize sexual activity with children twelve years of age or older but less than sixteen years of age even where the activity is consensual. See Welsh v. State, 850 So.2d 467 (Fla.2003). "The legislature enacted section 800.04 based on a `morally neutral judgment' that sexual intercourse with a child under the age of sixteen, with or without consent, is potentially harmful to the child." Jones v. State, 640 So.2d 1084, 1086 (Fla.1994) (quoting Paris Adult Theatre I v. Slaton, 413 U.S. 49, 69, 93 S.Ct. 2628, 37 LEd.2d 446 (1973)). The fact that section 800.04 eliminates consent as a defense necessarily implies that the sexual activity may be consensual, but nevertheless, the State, as a matter of policy, will ignore the consent because of its legitimate interest in protecting minors from sexual exploitation. See id. Because in this case the presumption of incapacity to consent is inapplicable and the sexual activity was not against the minor victim's will, Khianthalat was not entitled to an instruction on simple battery.
Khianthalat, 935 So.2d at 584-86 (footnotes omitted). We agree with this reasoning.

*363 CONCLUSION
Given the above, we hold that a defendant charged under section 800.04(4), Florida Statutes, with lewd or lascivious battery on a child twelve years of age or older but less than sixteen years of age is not entitled to an instruction on simple battery when the information did not allege lack of consent and the evidence presented at trial did not support lack of consent. Accordingly, we approve Khianthalat, 935 So.2d 583, and disapprove Jackson, 920 So.2d 737.
It is so ordered.
WELLS, PARIENTE, QUINCE; and CANTERO, JJ., concur.
LEWIS, C.J., and ANSTEAD, J., dissent.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] Khianthalat was also sentenced for solicitation of perjury and tampering with a witness. Those offenses are not at issue in this case.